**Robert C. SHINAULT and W.T. Shinault, Plaintiffs,**

**v.**

**MID–CENTURY INSURANCE COMPANY, a part of Farmers Insurance Group, a corporation, Defendant.**

**No. 58914.**

Supreme Court of Oklahoma.

Nov. 16, 1982.

Kenneth Johnson, David L. Nimmo, Johnson, Thompson & Nimmo, Ada, for plaintiffs.

Kenneth Elliott, Mickey James, Green, James & Williams, Oklahoma City, for defendant.

BARNES, Vice Chief Justice:

The question arises out of plaintiff's claim on a policy of fire insurance issued by the defendant and delivered to Robert Shinault on October 10, 1979. Robert and W.T. Shinault, plaintiffs, allege that Mid-Century Insurance Company, defendant, is

plaintiff's insurer and owes plaintiffs for an insured dwelling and its contents that were destroyed by fire on August 6, 1980. Plaintiffs timely filed their Proof of Loss on September 30, 1980. Liability was denied by the defendant on February 18, 1981. Therefore, it is uncontroverted that defendant violated the ninety day time period of 36 O.S.1981 § 3629 which provides:

§ 3629. Forms of proof of loss; offer of settlement or rejection of claim

A. An insurer shall furnish, upon written request of any insured claiming to have a loss under an insurance contract issued by such insurer, forms of proof of loss for completion by such person, but such insurer shall not, by reason of the requirement so to furnish forms, have any responsibility for or with reference to the completion of such proof or the manner of any such completion or attempted completion.

B. It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party. This provision shall not apply to uninsured motorist coverage.

The plaintiff contends that the defendant should be estopped from denying liability as a result of defendant's failure to respond to the plaintiff's Proof of Loss within ninety days. Plaintiff claims that any lesser sanction would in reality be no sanction at all, would result in disregard of the ninety day period of insurers, and would leave those who are insured in a state of uncertainty. We find no merit in this approach. One of the essential elements of estoppel that must be shown is detriment to the party asserting estoppel. In the case at bar, we simply fail to see how the plaintiffs have been injured or how they have been prejudiced by the delay.

The defendant, on the other hand, contends that a lack of response within the ninety day period after receipt of the Proof of Loss is simply a waiver of the insurer's chance to receive attorney fees.

We agree with defendant's position. 36 O.S.1981 § 3629 states that the only way the insurer can get attorney fees is to be the prevailing party. The insurer is the prevailing party only when the judgment is less than any settlement offer that was tendered to the insured, or when the insured rejects the claim and no judgment is awarded. The insured, on the other hand, is the prevailing party when the judgment is more than any settlement offer that was made, or when the insured receives a judgment when the insurer has rejected the claim. Therefore, 36 O.S.1981 § 3629 imposes the loss of any chance for attorney fees on the insurer as a sanction for the failure to respond within ninety days of its receipt of Proof of Loss.

For remedies available to an insured when and if an insurer's conduct is malicious or indifferent to the insured's claim, see *Christian v. American Home Assurance Co.*, 577 P.2d 899 (Okl.1978).

IRWIN, C.J., and HODGES, LAVENDER, DOOLIN, OPALA and WILSON, JJ., concur.

SIMMS and HARGRAVE, JJ., dissent.