**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 8/26/96**

**TENTH CIRCUIT**

———————————

| | |
|---|---|
| DRIVER MUSIC COMPANY, INC., | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| Cross-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| COMMERCIAL UNION INSURANCE | ) |
| COMPANIES, | ) |
| | ) |
| Defendant-Appellant, | ) |
| Cross-Appellee. | ) |

No. 95-6171, 95-6202,
and 95-6203

———————————

**Appeal from the United States District Court
for the Western District of Oklahoma
(CIV. No. 93-917-R)**

———————————

Tom King (Richard Glasgow with him on the briefs) of King, Roberts & Beeler, Oklahoma City, Oklahoma, (Christopher M. Bechhold and Jack F. Fuchs of Thompson, Hine and Flory, Cincinnati, Ohio, with him on the briefs) for Defendant-Appellant, Cross-Appellee.

Michael A. Taylor and H. Russell Wright Jr. of Michael A. Taylor & Associates, Oklahoma City, Oklahoma (Jared Giddens of Self, Giddens & Lees, Inc., Oklahoma City, Oklahoma, with Mr. Taylor on the briefs) for Plaintiff-Appellee, Cross-Appellant.

———————————

**Before ANDERSON, McWILLIAMS, and ENGEL,[*] Circuit Judges.**

———————————

[*] The Honorable Albert J. Engel, United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

**ENGEL, Circuit Judge.**

_____

Driver Music Company, Inc. ("Driver") appeals, and Commercial Union Insurance Company ("CUIC") cross-appeals, from various decisions of the district court in this fire-related insurance case. At issue is whether the court erred in (1) holding that Driver was the "prevailing party" in this action within the meaning of Okla. Stat. tit. 36 § 3629(B); (2) awarding prejudgment interest based on the entire verdict without deducting for a court-awarded setoff; (3) setting off the verdict by the amount CUIC paid Driver's mortgagee on a mortgage and promissory notes; and (4) limiting Driver's attorney fees to $100,000. For the reasons set out below, we affirm.

## FACTS

On or about June 9, 1992, property owned by Driver in Bethany, Oklahoma (the "Property"), was destroyed by fire. The Property was insured by CUIC for policy limits of $819,000-$824,000.[1] Driver gave CUIC timely notice of the loss in order to recover on its policy, but CUIC declined to make payment on the ground that coverage was precluded by conditions to coverage.

_____

[1] Driver alleged a policy limit of $819,000 in the Complaint and Amended Complaint, but says it "became apparent" during the instructions conference that the policy limit was $824,000.

Although it refused to make payment to Driver under the policy, on or about January 7, 1993, CUIC paid $125,030 to the First National Bank of Bethany ("FNBB"), as mortgagee of Driver, for a "release of all claims" to the Property. The payment represented the then-due principal and interest on three promissory notes relating to the Property and the mortgage securing them. On January 11, 1993, FNBB canceled and discharged the notes and mortgage by affixing to them the bank's "paid in full" stamp. The next day, pursuant to CUIC's request, FNBB hand-wrote "stamped in error" across the "paid in full" imprint and backdated an assignment of the notes and mortgage to CUIC "without recourse in any and all events."

Driver initiated this diversity action against CUIC by filing suit in federal court on May 24, 1993, alleging breach of the insurance contract between Driver and CUIC. On December 30, 1993, Driver amended its complaint, adding a cause of action for bad faith regarding CUIC's handling of Driver's claim for loss by fire.

CUIC raised an array of defenses to Driver's complaint, including misrepresentation, failure to state a claim, failure to meet conditions precedent, and arson, which was added after Driver's president was acquitted of arson and mail fraud in federal criminal proceedings. However, CUIC did not file as a counterclaim a cause of action to recover its payment to FNBB on the mortgage and the promissory notes.

On May 26, 1994, CUIC made a written offer of judgment to settle the case pursuant to Federal Rule of Civil Procedure 68 for $400,000, inclusive of costs then accrued and attorney fees. But Driver rejected the offer, and the case proceeded to trial on September 12,

3

1994. That same day, CUIC again offered to settle the case, though not under Rule 68, which requires that an offer of judgment under that rule be made more than ten days before trial begins. This time the offer was made orally in chambers. CUIC offered to settle for "their [Driver's] policy limits in exchange for full, final and complete release of settlement." The court urged Driver's counsel to talk to his client about the offer, which he agreed to do. However, Driver opted not to accept the offer, and the trial proceeded.

On September 23, 1994, the jury returned a verdict in favor of Driver on its claim for breach of contract in the amount of $400,000. The jury returned a verdict in favor of CUIC on Driver's bad faith claim, finding no breach by CUIC of its implied duty of good faith and fair dealing.

Thereafter, CUIC moved for an order of credit against the judgment in the amount it paid on the mortgage and the promissory notes. The court considered the request to be a compulsory counterclaim, but granted the motion to prevent unjust enrichment. It ruled that Driver's $400,000 verdict would, upon presentment by CUIC of proof that the mortgage and the notes had been canceled, be set off by the $125,030 that CUIC paid FNBB.

Driver in turn moved for attorney fees, costs, and interest pursuant to Okla. Stat. tit. 36 § 3629(B). Section 3629(B) provides,

> It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorneys fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in

4

those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party. If the insured is the prevailing party, the court in rendering judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict.

According to Driver, it was the "prevailing party" under § 3629(B), because CUIC's pretrial offer of judgment (made under Rule 68) was not in excess of the verdict. While CUIC's in-chambers offer was in excess of the verdict, Driver further argued, that offer was not a "written offer of settlement" within the meaning of § 3629(B).

Over CUIC's objection, the district court held that Driver was the "prevailing party" in this litigation within the meaning of § 3629(B) and was therefore entitled to an award of attorney fees, costs, and interest. It indicated that while it was in writing, CUIC's pretrial offer of judgment (made under Rule 68) did not qualify as a "written offer of settlement" under § 3629 because, with the appropriate deductions, it was not in excess of the judgment. While CUIC's in-chambers offer of settlement in fact exceeded Driver's judgment, it did not qualify, the court reasoned, because it was not "written" as required by § 3629(B) and because it was ambiguous.

After an evidentiary hearing, the district court rejected Driver's request for attorney fees in the amount of $276,682 and awarded it fees in the amount of $100,000. The court reasoned that under the circumstances, including Driver's failure to prevail on its bad faith claim, $100,000 was an appropriate award of attorney fees, more proportionate to the verdict

5

than Driver's request. The court also awarded Driver prejudgment interest (at the statutory rate of 15%) in the amount of $117,534. Finding little guidance in identifying the basis on which to compute prejudgment interest, the court "straightforwardly applie[d] the plain language of Section 3629(B)," which, it concluded, required interest on the entire verdict as opposed to the amount of the verdict after setoff. "Computing prejudgment interest on the verdict amount," it said, "is also more consistent with the Court's prior orders in this case."

Accordingly, on March 20, 1995, the district court entered an amended judgment in favor of Driver in the amount of $617,534 ($400,000 verdict + $100,000 attorney fees + $117,534 prejudgment interest), with a setoff, upon presentment of proof of payment by CUIC, in the amount of $125,030. The court later awarded Driver costs in the amount of $19,341.

CUIC now appeals, and Driver cross-appeals.

## DISCUSSION

### I

CUIC first argues that the district court erred in holding that Driver was the "prevailing party" in this action within the meaning of Okla. Stat. tit. 36 § 3629(B). According to CUIC, Driver was not the "prevailing party" because CUIC's in-chambers offer of settlement met the demands of § 3629(B) and because Driver's amended judgment did not exceed that offer. In support of its claim, CUIC maintains that its offer was a "written offer" because the contemporaneous recording and subsequent transcription of the offer accomplish

6

the writing requirement articulated in the statute.  Alternatively, it asserts that under *Shinault v. Mid-Century Insurance Co.*, 654 P.2d 618 (Okla. 1982), an insured, such as Driver, can be the "prevailing party" where its judgment is more than *any* settlement offer that was made, written or not.

In support of the district court's holding, Driver answers that CUIC's offer of settlement did not meet the demands of § 3629(B) because it was not reduced to writing in the manner contemplated by that statute and because it was ambiguous.  Driver contends that no court has adopted the interpretation CUIC presses for § 3629(B), charging that CUIC's interpretation of *Shinault* is so frivolous as to merit sanctions.  It further urges that this Court should decline what it calls CUIC's invitation to rewrite the statute.

As noted above, Oklahoma law provides that upon a judgment in its favor, an insured is the "prevailing party" for purposes of recovering costs and attorneys fees, except where that judgment does not exceed a "written offer of settlement" submitted by the insurer. Okla. Stat. tit. 36 § 3629(B).  Section 3629(B) provides, in pertinent part, that

> [u]pon a judgment rendered to either party, costs and attorneys fees shall be allowable to the prevailing party.  For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement.  In all other judgments the insured shall be the prevailing party.

"If an insurer makes an offer of judgment greater than the judgment actually obtained by the insured," as the district court explained, "then the insurer, not the insured, is the prevailing party."

7

Although § 3629(B) states that "[i]t shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss," the failure of an insurer to make an offer of settlement within that ninety-day framework, as occurred here, does not prevent it from contesting its liability for fees, costs, and interest under § 3629(B). *Shinault*, 654 P.2d at 619. As we held in *Oulds v. Principal Mutual Life Insurance Co.*, 6 F.3d 1431, 1445 (10th Cir. 1993), "[a]n insurer's failure to make an offer within ninety days, while acting to deprive the insurer of a chance to claim fees, does not make it impossible for the insurer to protect itself from a fee claim by the insured."

The parties agree that for purposes of this appeal, CUIC's in-chambers offer of settlement exceeded the judgment entered in favor of Driver.[2] Thus, the sole issue presented is whether CUIC's offer of settlement otherwise met the demands of § 3629(B). If so, then Driver was not the "prevailing party" in this action, because the judgment in its favor did not exceed CUIC's offer of settlement. If not, then Driver was the "prevailing party," as the district court held, entitling it to fees, costs, and interest.

---

[2] CUIC's in-chambers offer of settlement was for "their [Driver's] policy limits," which were $819,000-$824,000. The verdict rendered in favor of Driver was in the amount of $400,000. Adding prejudgment interest in the amount of $117,534 and attorneys fees in the amount of $100,000, the district court entered judgment in favor of Driver in the total amount of $617,534, excluding the $125,030 set-off for the amount paid to Driver's mortgagee. Even including in the judgment the total amount of fees to which Driver says it was entitled, $276,682 instead of $100,000 (for an additional $176,682), and the total costs awarded by the district court of $19,341, it would be less than the low end of Driver's policy limits. ($617,534 + $176,682 + $19,341 = $813,557.)

Whether Driver was the "prevailing party" in this action is a question of law. Thus we review the district court's determination de novo. *See Arkla Energy Resources v. Roye Realty & Developing, Inc.*, 9 F.3d 855, 865 (10th Cir. 1993); *Supre v. Ricketts*, 792 F.2d 958, 961 (10th Cir. 1986). In our judgment, Driver was the "prevailing party" within the meaning of § 3629(B).

Although CUIC's interpretations of § 3629(B) have some appeal, the language of that statute counsels a different construction. Section 3629(B) expressly requires a "written" offer of settlement. It twice refers to the type of offer in question and twice qualifies it as "written." And it expressly requires that a covered offer be "submit[ted]" to the insured, which provision seems to us to contemplate that a qualifying offer be in writing. *See Grosvenor v. Brienen*, 801 F.2d 944 (7th Cir. 1986) (holding that while Rule 68 does not explicitly require that an offer of settlement under that rule be made in writing, its requirement that the offer be served upon the adverse party implies as much).

Contrary to CUIC's claim, the decision of the Oklahoma Supreme Court in *Shinault* does not eliminate the statute's explicit requirement of a writing. In *Shinault*, the court considered a certified question from a federal district court: "What penalty should be imposed upon an insurer for failure to submit a written offer of settlement or rejection of the claim within ninety days of receipt of the insured's Proof of Loss, as required by 36 O.S.1981 § 3629?" 654 P.2d at 618. While the *Shinault* court twice referred to the type of offer envisioned by § 3629(B) as "any settlement offer," *id.*, as have we, *see, e.g.*, *Oulds*, 6 F.3d

9

at 1445-46 (referring to "an offer of settlement," "an offer of judgment," and "any offer of settlement"), it in no way purported to do away with the statute's express requirement of a writing, and we decline to read its decision in that way. *See Ballinger v. Security Conn. Life Ins. Co.*, 862 P.2d 68, 71 (Okla. 1993) (referring subsequent to *Shinault* to § 3629(B) offer as "written offer of settlement").

That CUIC's offer was transcribed by the court reporter at the time it was made--making it a writing in the broad sense of that term--does not convert the offer into a "written offer of settlement" within the meaning of § 3629(B). Section 3629(B) contemplates not merely the contemporaneous memorialization of an oral offer but, as discussed above, the "submi[ssion]" of a written offer to the insured. In our judgment, the statute demands more than the mere possibility or availability of a writing. While the submission to the insured of a transcribed offer of settlement might meet the demands of § 3629(B), ours is a different case.

Therefore, we cannot conclude that CUIC's offer was a "written offer of settlement" within the meaning of § 3629(B). Accordingly, the district court did not err in holding that Driver was the "prevailing party" in this action, and CUIC's first claim must fail.[3]

**II**

---

[3] Because we hold that CUIC's offer was not within the terms of § 3629(B) for the reasons stated, we need not consider whether it was also too ambiguous to pass muster.

10

CUIC next argues that the district court erred in holding that Driver was entitled to prejudgment interest based on the entire jury verdict of $400,000, without deduction for the court-awarded setoff of $125,030. Awarding prejudgment interest on the setoff, says CUIC, places Driver in a better position than it would have been in if the fire had not occurred. CUIC claims that while no Oklahoma court appears to have addressed the issue, numerous other courts have held that where a plaintiff is entitled to a recovery subject to a setoff, the plaintiff should be awarded prejudgment interest on only the net balance between the two amounts owed. *See, e.g.*, *Indu Craft, Inc. v. Bank of Baroda*, No. 87 Civ. 7379 (SHS) (LB), 1995 WL 479516 (S.D.N.Y. Aug. 10, 1995).

In opposition, Driver first contends that the cases on which CUIC relies are inapposite and must be put aside. Next, it emphasizes that because CUIC did not discharge and cancel its obligations when CUIC paid FNBB, Driver "was without the money" until CUIC conveyed the notes and mortgage to it more than two years later. Finally, Driver asserts, with little elaboration, that "[p]ayment to a mortgagee, where the underlying obligation is neither extinguished nor discharged but is merely assigned to the payor, is not a payment of Driver Music's fire claim."

A district court's award of prejudgment interest is generally subject to an abuse of discretion standard of review on appeal. *E.g.*, *Frymire v. Ampex Corp.*, 61 F.3d 757, 772 (10th Cir. 1995), *cert. dismissed*, 116 S. Ct. 1588 (1996). However, any statutory interpretation or legal analysis underlying such an award is reviewed de novo. *See, e.g.*,

11

*Supre*, 792 F.2d at 961; *see also Lowell Staats Min. Co. v. Pioneer Uravan, Inc.*, 878 F.2d 1259, 1268-70 (10th Cir. 1989). Thus, we review the district court's calculation of prejudgment interest de novo. In our view, the court did not err in calculating prejudgment interest based on the entire verdict.

CUIC emphasizes that there are cases indicating that where a plaintiff is entitled to a recovery subject to a setoff, the plaintiff should be awarded prejudgment interest on only the net balance between the two amounts owed. *See Indu Craft*, 1995 WL 479516, at *1-2 (indicating that "equity and fairness dictate that interest should be awarded to plaintiff on the net balance after the setoff"). *See generally U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1257 (10th Cir. 1988) (discussing prejudgment interest under federal law). Those cases, however, stand for little more than the proposition that equity must inform a court's decision to award prejudgment interest in such a case. In our view, that principle, while true, is at once too simple and too general to be determinative.

Section 3629(B) offers specific guidance on the matter: it provides that "[i]f the insured is the prevailing party, the court in rendering judgment shall add interest *on the verdict* at the rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict." Okla. Stat. tit. 36 § 3629(B) (emphasis added). As the district court recognized, awarding prejudgment interest based on the amount of the verdict, irrespective of the setoff, comports with the express command of § 3629(B) to add interest "on the verdict." That the judgment in favor of Driver

12

expressly makes CUIC's entitlement to the setoff dependent on its submitting proof of payment to FNBB further recommends awarding interest on the entire amount of the judgment. Awarding interest on that basis avoids the inequity that would arise in the event such a setoff were to go unproved: by no fault of its own, the "prevailing party" would receive insufficient interest on its verdict.

While awarding interest on the entire verdict might at first appear to depart from the logic and equity of the approach the district court took in permitting CUIC's setoff (which we discuss below), more careful examination of the problem debunks any such impression. Any advantage to Driver (or disadvantage to CUIC) under that method flows not from the inequity or illogic of the court's calculation of interest but from CUIC's approach to recovery on its claim. Albeit at less than the statutory rate, interest accrued on the notes that underlay CUIC's application for a credit against the judgment. However, CUIC opted not to pursue a counterclaim for the amount it paid on the notes plus interest (apparently forgoing its eligibility for other than an equitable recovery), and has not raised a claim for interest on this appeal. Any windfall to Driver comes not from a defect in the district court's calculation of interest but from CUIC's pursuit of it. Moreover, to award interest on the verdict after instead of before setoff is to blink at the difference between the applicable rates of interest.

**III**

13

On cross-appeal, Driver argues first that CUIC's failure to plead or prove a compulsory counterclaim on the mortgage and the promissory notes made it error for the district court to grant CUIC a credit for payment of the mortgage and the notes. CUIC's claim was a compulsory counterclaim, Driver argues, because it arose out of the same transaction and occurrence as Driver's claim. Allowing CUIC to recover on the notes without bringing a counterclaim, the argument continues, permits CUIC to do an end-run around any defense Driver may have had to such a claim.

In opposition, CUIC first contends that Driver ignores the decisions of this Court and of the Oklahoma Supreme Court applying credits to jury verdicts in identical circumstances. It relies principally on *Suggs v. State Farm Fire & Casualty Co.* , 833 F.2d 883 (10th Cir. 1987), *cert. denied*, 486 U.S. 1007 (1988), and *McCoy v. Oklahoma Farm Bureau Mutual Insurance Co.*, 841 P.2d 568 (Okla. 1992). CUIC next argues that the law of compulsory counterclaims is inapplicable here. Finally, CUIC argues that "if [it] should have been required to plead its payment defense, the trial court acted within its discretion pursuant to Federal Rule of Civil Procedure 15(a) in permitting Commercial Union to raise as a defense the issue of payment."

The parties' disagreement does not end on the merits, but spills over into their positions on our standard of review. Driver contends that whether a claim is an untimely compulsory counterclaim and whether an unpled claim is given preclusive effect are reviewed by this Court de novo. CUIC, on the other hand, claims that whether the court was

barred by the pleadings from considering CUIC's defense of payment or setoff is reviewed for abuse of discretion and that whether the court correctly decided the setoff issue is reviewed under the clearly erroneous standard. We review the question whether CUIC's claim for setoff was a compulsory counterclaim de novo, *Avemco Ins. Co. v. Cessna Aircraft Co.*, 11 F.3d 998, 999 (10th Cir. 1993); we review the propriety of district court's set-off decision for abuse of discretion.

Applying those standards here, we cannot conclude that the district court erred in setting off the verdict by the amount CUIC paid Driver's mortgagee. As a preliminary matter, CUIC's setoff was not barred as a compulsory counterclaim. Federal Rule of Civil Procedure 13(a), which governs compulsory counterclaims, provides, in relevant part, that

> [a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Under Rule 13(a), a compulsory counterclaim is barred if not pleaded. *Avemco*, 11 F.3d at 1000.

In *FDIC v. Hulsey*, 22 F.3d 1472 (10th Cir. 1994), we explained that a counterclaim is compulsory if "(1) the issues of fact and law raised by the principal claim and the counterclaim are largely the same; (2) res judicata would bar a subsequent suit on the defendant's claim; (3) the same evidence supports or refutes the principal claim and the counterclaim; and (4) there is a logical relationship between the claim and counterclaim."

15

*Id.* at 1487 (citing *Pipeliners Local Union No. 798 v. Ellerd*, 503 F.2d 1193, 1198 (10th Cir. 1974)).

As noted above, Driver's claims against CUIC were for breach of contract and bad faith with respect to the handling of its claim for proof of loss. CUIC's set-off claim was for recovery on Driver's obligations on the mortgage and the promissory notes. While similar, the issues of fact and law raised by Driver's claims against CUIC are not largely the same as those raised by CUIC's claim for setoff. Resolution of Driver's contract claim turns on whether CUIC violated its obligations under Driver's policy; resolution of its bad faith claim depends on the egregiousness of CUIC's conduct in handling Driver's claim for loss due to the fire. Whether CUIC is entitled to relief on its claim for set-off, on the other hand, depends on Driver's obligations on the mortgage and the promissory notes. Consequently, Driver's claims contemplate reference to evidence different from the evidence pertinent to proving or refuting CUIC's claim.

If the district court had not set off the verdict by the amount CUIC paid FNBB on the mortgage and promissory notes, a subsequent claim for recovery on that amount would not have been barred by principles of res judicata. Res judicata, or claim preclusion, "generally applies when there is a final judgment on the merits which precludes the parties or their privies from relitigating the issues that were decided or issues that could have been raised in the earlier action." *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir. 1995) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "A claim is barred by res judicata," we

16

explained in *Frandsen*, "when the prior action involved identical claims and the same parties or their privies." *Id.*; *see Robinson v. Volkswagenwerk AG*, 56 F.3d 1268, 1275 (10th Cir. 1995), *cert. denied*, 116 S. Ct. 705 (1996). No searching analysis is required to conclude that CUIC's claim for set-off is not identical to Driver's contract and bad faith claims. Each sounds in a different legal theory and depends for its resolution on different operative facts. *See Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1238-39 (10th Cir.), *cert. denied*, 506 U.S. 832 (1992) (discussing the transactional approach to determining what constitutes a cause of action for purposes of res judicata). Although there is a nexus between Driver's and CUIC's claims, that relationship is too attenuated to make CUIC's claim for set-off a compulsory counterclaim.[4]

As CUIC points out, both this Court and the Supreme Court of Oklahoma have approved setoffs in circumstances similar to those of this case. In *Suggs*, we held that while the maximum amount permissible under an insurance policy for loss of a mobile home was $23,000, $13,783 paid by the insurer to the noteholder could not be awarded to the insured. 833 F.2d at 889. Similarly, in *McCoy*, the Supreme Court of Oklahoma held that "credit upon the jury's verdict of $55,000 should have been allowed by the amount Insurer paid to Homeowner's mortgagee." 841 P.2d at 572. *Suggs* and *McCoy* confirm the legal propriety

---

[4] Even if the setoff were a compulsory counterclaim, Federal Rule of Civil Procedure 13(f) provides that "[w]hen a pleader fails to set up a counterclaim, through oversight, inadvertence, or excusable neglect, or *when justice requires*, the pleader may by leave of court set up the counterclaim by amendment." Fed. R. Civ. P. 13(f) (emphasis added).

17

of the result that equity demands in this case. Nothing in reason or fairness recommends that Driver enjoy CUIC's payment to FNBB as a windfall. Accordingly, the court did not err in permitting a credit against the verdict for CUIC's payment to FNBB.

## IV

Driver challenges on three grounds the district court's award of attorney fees of $100,000 as inadequate. It argues that the court erred in (1) misconstruing this Court's decision in *Adair State Bank v. American Casualty Co.*, 949 F.2d 1067 (10th Cir. 1991), as giving it complete discretion in determining the amount of attorney fees, and then disregarding well-established principles for determining the amount of attorney fees in lieu of a straight-percentage formula; (2) discounting its fee award based on the indictment of Driver's president for arson, which, Driver says, the court wrongly found to cut against Driver's claim that CUIC acted in bad faith in denying coverage; and (3) taking into consideration CUIC's pretrial offer of judgment, which Driver rejected.

CUIC responds that our decision in *Adair* controls this case and that Driver's arguments ask for nothing less than its reversal. Driver's position, it says, is without basis in law or fact. CUIC further argues that Driver cannot recover fees on its bad faith claim because it did not succeed on that claim; nor can it recover fees for the preparation of its president's criminal defense as those fees were incurred in a separate action. Finally, CUIC

asserts that the district court properly discounted Driver's fees based on its unreasonable settlement posture throughout the case.

As with the one that precedes it, resolution of this issue is complicated by the parties' disagreement over the appropriate standard of review. Driver contends that the Court reviews the district court's fee award de novo because its determination raises questions of law. CUIC disagrees, maintaining that the facts found in connection with the award are reviewed for clear error, and that the court's determination of fees based on those facts is reviewed for abuse of discretion. However, the parties' disagreement regarding the applicable standard of review is more illusory than real. All of the recommended standards apply, but each to a different part of our inquiry. The parties' only real disagreement is on where we ought to focus our attention.

Neither party challenges the court's findings of fact. We see no error in their determination, and consideration of the propriety of those findings need not detain us. Likewise, although Driver challenges the legal principles applied by the court in computing its attorney fees, the matter requires little discussion. It is clear from the district court's consideration of Driver's request for attorney fees that it understood that the calculation of their amount was within its discretion. *See Adair*, 949 F.2d at 1078; *Shadoan v. Liberty Mut. Fire Ins. Co.*, 894 P.2d 1140, 1144 (Okla. Ct. App. 1994).[5]

_____

[5] Several Oklahoma courts have disagreed with this Court's holding in *Adair* that the decision to award attorney fees under § 3629(B) is discretionary with the trial court. *Compare Adair*, 949 F.2d at 1078 (holding that whether attorney fees are permitted under §

19

Finding no clear error as to the court's findings of fact and no deficiencies in its application of the law, we focus our inquiry on whether the court abused its discretion in awarding Driver $100,000 in attorney fees. Multiple factors--such as the time and labor required, the amount involved and the results obtained, and awards in similar cases, to name but a few--figure into the determination of a fee award. *Taylor v. Chubb Group of Ins. Cos.*, 874 P.2d 806, 808 n.3 (Okla. 1994); *Oliver's Sports Center, Inc. v. National Standard Ins. Co.*, 615 P.2d 291, 294-95 (Okla. 1980). While the district court expressly referenced only a few of those factors, its statements accompanying its award of fees make plain that it considered the relevant circumstances of this case, which were more than adequately developed at the hearing held by the court to ascertain the appropriate amount of the fee award. Our review of the record unearths nothing that recommends reversal of the district court's decision; thus, we decline to disturb it.

## CONCLUSION

For the reasons stated, the decisions of the district court are AFFIRMED.

---

3629(B) is a decision lodged in the discretion of the district court) *with Williams v. Old American Ins. Co.*, 907 P.2d 1105, 1107 (Okla. Ct. App. 1995) (expressly disagreeing with *Adair* and holding that § 3629(B) requires an award of attorney fees to a prevailing party) and *Shadoan*, 894 P.2d at 1143-44 (same). However, this point of disagreement need not concern us in this case, as the district court awarded Driver fees under § 3629(B) and the parties disagree merely as to the amount of the award.

20