**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 17 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNIVERSAL SHOWCASE, INC.,

     Plaintiff-Appellee,

v.

OKLAHOMA FIXTURE COMPANY,

    Defendant-Appellant.

Nos. 97-5024
& 97-5088

(D.C. No. CV-95-534-W)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **MCWILLIAMS**, and **EBEL**, Circuit Judges.

Defendant Oklahoma Fixture Company manufactures and installs retail showcases in department stores. In July 1994, Defendant ordered two showcases from Plaintiff Universal Showcase, Inc. for installation in a Dillard's department store located in Dallas, Texas. Defendant claims that Plaintiff agreed to deliver one of the showcases by November 15, 1994. Plaintiff did not meet the alleged November 15th deadline, but later delivered both showcases. Defendant accepted delivery of the showcases. Plaintiff then

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

submitted a bill to Defendant for $167,832.87. Defendant, alleging damages caused by Plaintiff's untimely delivery, took a "backcharge" of $96,928.80 against the bill. After attempting to resolve the dispute, Plaintiff filed the instant lawsuit to collect the amounts owed by Defendant.

The parties tried the case before a magistrate judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(a). The magistrate found that Plaintiff and Defendant had not agreed that Plaintiff would deliver the showcases on or before November 15, 1994. Therefore, he determined that Defendant breached its contract with Plaintiff by inappropriately reducing its obligation to Plaintiff by the amount of the backcharge. The magistrate also found that Plaintiff was a prevailing party under Oklahoma law, and therefore, was entitled to attorneys' fees. Accordingly, the magistrate awarded Plaintiff $141,332.87 in compensatory damages after granting Defendant an offset judgment of $26,500.00, pre-judgment interest on the $141,332.87, $39,081.25 for attorneys' fees, and $1,677.85 in costs.

On appeal, Defendant alleges that the magistrate's finding that the parties did not agree to the November 15th deadline is clearly erroneous and therefore, because Plaintiff was not a prevailing party under Oklahoma law, the magistrate erroneously awarded attorneys' fees to Plaintiff. Defendant further argues that assuming Plaintiff was a prevailing party, the magistrate's award of attorneys' fees and costs was excessive. We review the magistrate's findings of fact for clear error, Valley Improv. Ass'n, Inc. v.

2

United States Fidelity and Guaranty Corp., 129 F.3d 1108, 1115 (10th Cir. 1997), his

determination that Plaintiff was a prevailing party de novo, Driver Music Company, Inc.

v. Commercial. Union Ins. Companies, 94 F.3d 1428, 1432 (10th Cir. 1996), and his

award of attorneys' fees and costs for abuse of discretion. Aguinaga v. United Food and

Comm. Workers Intern. Union, 993 F.2d 1480, 1481 (10th Cir. 1993).

We have carefully reviewed the parties' briefs, the district court's orders, and the

entire record before us. Based upon our review of the record, we conclude that the court

did not commit reversible error.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge