**In re GENEVA STEEL, LLC, Geneva Steel Holdings Corp., Iron Ore Mines, LLC, and Williams Farm, LLC, Debtor.**

**James T. Marcus, Plaintiff,**

v.

**Albert Fried, Jr., Albert Fried & Co., LLC, Steelman, Inc., Steelman Realty, LLC, Joseph A. Cannon, Frank T. Macinnis, Murray Drabkin, R.J. Shopf, A. Stanley West, John T. Lamacchia, Michael T. Yonker, and Kevin Flannery, Defendants.**

**Bankruptcy No. 02–35385 GEC. Adversary No. 05P–02578.**

United States Bankruptcy Court, D. Utah, Central Division.

April 18, 2006.

274

Steven T. Waterman, Salt Lake City, UT, Steven R. Rider, Denver, CO, for Plaintiff.

George B. Hoffman and R. Kimball Mosier, Salt Lake City, UT, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DETERMINE SECOND, THIRD, EIGHTH, AND TWENTY–FOURTH CLAIMS FOR RELIEF ARE NON–CORE PROCEEDINGS

GLEN E. CLARK, Chief Judge.

This motion of John T. LaMacchia ("LaMachia") and Michael T Yonker ("Yonker") for an order to determine that the Second, Third, Fourth, Fifth, Eighth, and Twenty-fourth claims for relief found in the First Amended Complaint are non-core came before the Court on March 23, 2006 at 11:00 a.m. The motion of LaMacchia and Yonker was joined by Joseph A. Cannon ("Cannon"). Steven T. Waterman and Steven R. Rider appeared in behalf of James T. Marcus Chapter 11 Trustee. George B. Hoffmann and R. Kimball Mosier appeared in behalf of LaMacchia and Yonker, Danny Kelly appeared in behalf of Albert Fried, Jr., and Albert Fried & Co., Thomas Beckett appeared in behalf of the Unsecured Creditors' Committee, Edwin C. Barnes appeared in behalf of Murray Drabkin and A. Stanley West, Alan C. Bradshaw appeared in behalf of Kevin Flannery, Milo Steven Marsden appeared in behalf of Cannon, Michael Zundel appeared in behalf of Kenneth Johnson, and

Shane Keppner appeared in behalf of Steelman Realty L.L.C.. After reviewing the pleadings, the evidence presented, and considering the argument of counsel, the Court rules as follows:

This is a motion brought by defendants LaMacchia and Yonker (the "Moving Defendants") under 28 U.S.C. § 157(b)(3) to determine whether certain claims brought under the Trustee's amended complaint are core or non-core proceedings. This Court has jurisdiction to determine whether a proceeding is a core proceeding or is a proceeding otherwise related to a case under title 11 pursuant to 28 U.S.C. § 157(b)(3) and pursuant to DUCivR 83–7.2.

## FINDINGS OF FACT

1. On September 13, 2002, the debtors, Geneva Steel, LLC, Geneva Steel Holdings Corp., Iron Ore Mines, LLC, and Williams Farm, LLC, ("Geneva") filed voluntary bankruptcy under Chapter 11 of the United States Bankruptcy Code.

2. The plaintiff, James T. Marcus, Chapter 11 Trustee of Geneva, (the "Trustee"), commenced this adversary proceeding on September 16, 2005.

3. On November 28, 2005, Trustee amended the complaint. The amended complaint consists of twenty-five separate claims.

4. Of the twenty-five claims, the second, third, fourth, fifth, eighth, twenty-fourth, and twenty-fifth claims state claims against LaMacchia and Yonker (the "Moving Defendants") and others.

5. The Moving Defendants concede that the twenty-fifth claim for relief is a "core" proceeding as defined by 28 U.S.C. § 157(b).

6. The second, third, fourth, fifth, eighth, twenty-fourth claims allege damage caused by Moving Defendants by the breach of duty of care, breach of the duty of good faith, breach of the duty of loyalty, and breach of fiduciary duty.

7. Both of the Moving Defendants have filed proof of claims in the Geneva Steel LLC bankruptcy proceeding 02–21455, and in the Geneva Steel Holdings Corp. bankruptcy proceeding 02–35385. LaMacchia filed a proof of claim in the Iron Ore Mines, LLC bankruptcy proceeding 02–35386. Yonker filed a proof of claim in the Williams Farm, LLC bankruptcy proceeding 02–35387.

8. The proofs of claims filed by the Moving Defendants include, as a basis for the proof of claim, a Statement which asserts the "claimant's rights to be indemnified, defended, or held harmless by the Debtor or any insurance carrier pursuant to the Debtor's articles of incorporation, by laws, contracts or agreements with or for the benefit of claimant, including any policies of insurance, or under applicable laws and statutes".

9. The Moving Defendants have filed, or may file, a claim with the Geneva's errors and omissions carrier seeking indemnity on any claim for violation of their fiduciary duties.

10. The Moving Defendants have answered Trustee's complaint in this adversary and have filed counterclaims against the estate for indemnification if any of their acts are found to have violated their fiduciary duties.

11. If the Moving Defendants are successful in their counterclaim against Geneva, then, under the

terms of Geneva's errors and omissions policy, Geneva may be entitled to recover directly from Geneva's errors and omission carrier.

12. Because of the Moving Defendant's claim for indemnification, any judgment in favor of Geneva and against the Moving Defendants in this adversary proceeding will result in a dollar for dollar increase in the amount of Moving Defendants' proofs of claim.

13. Because the Trustee's causes of action alleging breach of fiduciary duty arise out of conduct of the Moving Defendants as members of Geneva's board of directors and because Moving Defendants claims for indemnification for any liability arising from conduct as a member of Geneva's board of directors, the Trustee's causes of action against Moving Defendants arise out of the same set of transactions or occurrences as the proofs of claim.

14. Because the Trustee's causes of action alleging breach of fiduciary duty arise out of the same set of transactions or occurrences as the proofs of claim, the Trustee's causes of action are compulsory counterclaims.

15. The counter-claims brought by the Moving Defendants in this adversary arise out of the same set of transactions or occurrences as the Trustee's causes of action against the Moving Defendants.

16. Because the counter-claims brought by the Moving Defendants in this adversary arise out of the same set of transactions or occurrences as the Trustee's causes of action against the Moving Defendants, the Moving Defendant's counter-claims are compulsory counterclaims.

17. In addition to seeking indemnification, the proofs of claim filed by the Moving Defendants seek payment of fees arising from claimant's service on the company's board of directors, any claims for reimbursement of expenses and claims arising under all employment contracts and benefits programs applicable to claimants.

18. To the extent the Moving Defendants' proofs of claim do not seek indemnification, the Moving Defendants' proofs of claim seek payment of fees and reimbursement of expenses arising from Moving Defendants' employment contracts with Geneva or from service on Geneva's board of directors.

19. Because the Trustee's causes of action alleging breach of fiduciary duty arise out of conduct of the Moving Defendants as members of Geneva's board of directors, and because Moving Defendants claims for payment of fees arise from claimant's service on the company's board of directors, the Trustee's causes of action arise out of the same set of transactions or occurrences as the Moving Defendants's proofs of claim.

20. Because the Trustee's causes of action alleging breach of fiduciary duty arise out of the same set of transactions or occurrences as the proofs of claim seeking payment of fees and expenses for service on the company's board of directors, the Trustee's causes of action are compulsory counterclaims.

21. Because Moving Defendants' proof of claims seek payment of fees and expenses arising from Moving De-

fendants' employment contracts and service on Geneva's board of directors, the Trustee's causes of action, which seek damages for breach of fiduciary duty while serving on Geneva's board of directors, are compulsory counterclaims to Moving Defendants's proof of claims.

22. Because of the indemnity clause contained in Moving Defendants' proof of claims, the total dollar amount of Moving Defendants' proof of claims will equal or exceed the total dollar amount sought by the Trustee against the Moving Defendants in the adversary proceeding.

23. The causes of action brought by the Trustee against the Moving Defendants in this adversary arise out of the same set of facts and occurrences that give rise to Moving Defendants's proof of claims.

24. The Trustee's causes of action in this adversary proceeding are compulsory counterclaims against persons filing claims against the estate.

## DISCUSSION

### The Filed Proofs of Claim

█ Moving Defendants' filed Proofs of Claim that seek payment of fees arising from claimant's service on the company's board of directors, and indemnification by the Debtor for any claims filed against them in their capacities as members of the board of directors. Once a party files a proof of claim against the bankruptcy estate, they have brought themselves within the equitable jurisdiction of the Bankruptcy Court. *Langenkamp v. Culp,* 498 U.S. 42, 45, 111 S.Ct. 330, 112 L.Ed.2d 343 (1991). Here, the proofs of claim filed by Moving Defendants equal or exceed the amount sought by the Trustee's causes of action, and the proofs of claim concern the same set of facts and circumstances as the causes of action asserted by the Trustee. The indemnification claim, by its nature, will be exactly equal, in dollar amount, to the sum sought by the trustee's causes of action against Moving Defendants. With the claim for payment of fees for service on the company's board of directors added to the indemnification claim, the total dollar amount sought by the Moving Defendants' Proofs of Claim exceeds the total amount prayed for by the Trustee's causes of action against the Moving Defendants. The fact that the Trustee seeks affirmative relief against the Moving Defendants is irrelevant once the Moving Defendants filed their Proofs of Claim against the estate. *Katchen v. Landy,* 382 U.S. 323, 337–8, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966).

### The Trustee's Causes of Action

█ The Trustee's causes of action, by definition, arise out of the identical set of facts, circumstances and transactions as the indemnification claim asserted by Moving Defendants in their Proofs of Claim. Likewise, the Trustee's causes of action arise out of the identical set of facts and circumstances as the Defendants claims for payment of fees and expenses arising from claimant's service on the company's board of directors. The Trustee's causes of actions against Moving Defendants are compulsory counterclaims to the Moving Defendants' proofs of claim. The Trustee's causes of action meet the criteria for compulsory counterclaims set forth in *Driver Music Co., Inc. v. Commercial Union Ins. Companies,* 94 F.3d 1428, 1435 (10th Cir.1996) which are: (1) the issues of fact and law raised in the Trustee's claims and the indemnification claim are the same; (2) res judicata would bar a subsequent suit on the defendant's claim; (3)

the same evidence supports or refutes the principal claim and the counterclaim; and (4) there is a logical relationship between the claim and counterclaim. Moving Defendants may not claim against the estate without subjecting themselves to compulsory counterclaims attaching to their claims. *Graham v. United States,* 981 F.2d 1135, 1141 (10th Cir.1992). Because the Trustee's causes of action are counterclaims by the estate against persons filing claims against the estate, the Trustee's causes of action are "core" proceedings pursuant to 28 U.S.C. § 157(b)(2)(C).

*Moving Defendants' Counterclaims*

■ Both of the Moving Defendants have filed counterclaims against the estate in the Trustee's adversary. The Moving Defendant's counterclaims are compulsory counterclaims to the Trustee's causes of action. The Moving Defendants' counterclaims are "core" matters pursuant to 28 U.S.C. § 157(b)(2)(B) and 28 U.S.C. § 157(b)(2)(O).

Based on the above, it is hereby;

ORDERED that the Second, Third, Fourth, Fifth, Eighth, and Twenty-fourth claims for relief found in the Trustee's First Amended Complaint are "core" proceedings under 28 U.S.C. § 157(b)(2).