**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 19, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GLAZING CONCEPTS, INC.,

        Plaintiff-Appellant,

v.

HANOVER INSURANCE
COMPANY; BUCHANAN, CLARKE,
SCHLADER LLP,

        Defendants-Appellees.

No. 06-6152
(D.C. No. CIV-05-70-HE)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**McCONNELL**, Circuit Judge.

Plaintiff-appellant, Glazing Concepts, Inc., appeals the judgment of the

district court granting summary judgment and partial summary judgment to

defendants-appellees and refusing to order payment of prejudgment interest on

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Glazing Concepts' ultimate jury award. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Glazing Concepts operated a glass business substantially damaged by a tornado that struck Moore, Oklahoma, in May 2003. Glazing Concepts was insured for various losses through a business owner's special property policy issued by defendant, Hanover Insurance Co. (Hanover). Shortly after the loss, Hanover hired defendant Buchanan, Clarke, Schlader, L.L.P. (BCS), a certified public accounting firm, to aid in analyzing the loss claims.

In November 2004, after much communication and negotiation between the parties regarding the size of the various loss components, Glazing Concepts submitted a proof of loss of business income and extra expense claims in excess of $1,000,000.[1] Hanover rejected the proof of loss for various reasons, most importantly because it disagreed with the amount of Glazing Concepts' claim. According to its calculations and aided by numbers provided by BCS, Hanover determined that it owed Glazing Concepts a total of $258,212.11. Because Hanover had already paid $256,704.00 for loss of business income and extra expenses, it immediately sent Glazing Concepts a payment of the difference ($1,508.11) and assigned the bulk of the outstanding claim to its "For Discussion" category for further analysis and negotiation.

---

[1] At this point, Hanover had already paid claims for other items of loss; this case involves only Glazing Concepts' claims for business income loss and extra expense.

Shortly after this exchange, Glazing Concepts filed suit against both Hanover and BCS alleging a host of claims, including, but not limited to breach of contract, bad faith, and professional negligence. The district court granted summary judgment to BCS on all claims and partial summary judgment to Hanover on plaintiff's bad faith, conspiracy, and emotional distress claims. Defendants were granted summary judgment on all demands for punitive damages. The court delayed entry of these judgments until after trial on the remaining claims.

At trial, the jury awarded Glazing Concepts $717,000 on the breach of contract claim against Hanover. The district court entered judgment in favor of Glazing Concepts on its jury verdict, as well as judgments in favor of defendants on the previously granted summary-judgment motions. The district court later granted Glazing Concepts' motion for attorney fees in large part, but denied its motion for prejudgment interest.

Glazing Concepts appeals the grants of summary judgment, contending that its bad faith claims against Hanover and BCS should have gone to the jury, and that the district court erred in finding that, even if there were a duty owing from BCS to Glazing Concepts, Glazing Concepts failed to advance any factual basis for its negligence claim against BCS. Finally, Glazing Concepts appeals the district court's denial of its motion for prejudgment interest.

Summary judgment

We review the district court's summary judgment decisions de novo to determine whether genuine issues of material fact exist, viewing the record in the light most favorable to Glazing Concepts as the nonmoving party. *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002). On appeal, Glazing Concepts argues that, when all the evidence adduced at trial is considered, enough evidence was advanced to raise issues of material fact sufficient to preclude summary judgment in favor of either Hanover or BCS and that therefore its claims of bad faith and negligence should have gone to the jury. We disagree.

Our de novo review of the summary judgment materials presented to the district court reveals no genuine issue as to any material fact and further establishes that the movants were entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). We agree with the district court that, as against both defendants, Glazing Concepts' allegations at issue on summary judgment were conclusory and unsupported by specific facts. The affidavits submitted were mere personal opinion, unsubstantiated by concrete evidence. This matter came down to a dispute over coverage and nothing more. That dispute was settled by the jury, but at the summary judgment stage, the issues of bad faith, conspiracy, negligence, emotional distress, and damages based on those claims were properly dismissed. Even if we were inclined to agree with Glazing Concepts that trial evidence ultimately established a genuine issue of fact regarding bad faith which

-4-

we are not, we are precluded from including that evidence in our review of the grant of summary judgment. "[O]ur review of a grant of summary judgment is limited to the record before the trial court at the time it made its ruling." *Magnum Foods, Inc. v. Cont'l Cas. Co.*, 36 F.3d 1491, 1502 n.2 (10th Cir. 1994).

Prejudgment interest

An insured party in Oklahoma who prevails against its insurer is generally entitled to recover prejudgment interest pursuant to Okla. Stat. tit. 36, § 3629(B). There is no dispute that Glazing Concepts was the prevailing party. The district court, however, determined that because Glazing Concepts' loss was unliquidated and unascertainable and was, instead, an amount determinable only by the finder of fact, Glazing Concepts was ineligible for an award of prejudgment interest.

"A federal court sitting in diversity applies state law, not federal law, regarding the issue of prejudgment interest." *Chesapeake Operating, Inc. v. Valence Operating Co.*, 193 F.3d 1153, 1156 (10th Cir. 1999) (quotation omitted). "A district court's award of prejudgment interest is generally subject to an abuse of discretion standard of review on appeal. However, any statutory interpretation or legal analysis underlying such an award is reviewed de novo." *Driver Music Co. v. Commercial Union Ins. Cos.*, 94 F.3d 1428, 1433 (10th Cir. 1996) (citation omitted). An award of prejudgment interest under Okla. Stat. tit. 36, § 3629 is mandatory where a prevailing party has met the statutory requirements. *Cf. Stauth v. Nat'l Union Fire Ins. Co.*, 236 F.3d 1260, 1267 (10th Cir. 2001)

(considering the fees and costs portion of § 3629). As a result, the district court was required to award prejudgment interest only if Glazing Concepts satisfied the legal requirements for recovery under § 3629, as developed in *Taylor v. State Farm Fire & Casualty Co.*, 981 P.2d 1253, 1260-61 (Okla. 1999). The question therefore is whether Glazing Concepts' loss, at the time the proof of loss was denied, "was for a liquidated amount or for an amount that could be made ascertainable by reference to well-established market values," as required by *Taylor*. *Id.* at 1261.

The policy in this case did not provide any upper limits for the coverages in question. The business income coverage provided that Hanover would "pay for the actual loss of Business Income you sustain due to the necessary suspension of your 'operations' during the 'period of restoration.'" Aplee. Supp. App. Vol. I at 61. Similarly, the extra expense coverage provided, "We will pay necessary Extra Expense you incur during the 'period of restoration' that you would not have incurred if there had been no direct physical loss or damage to property at the described premises." *Id.* at 62. This case went to trial because the parties could not agree about how to calculate business income loss or on which items should be included as recoverable extra expenses. The amended final pretrial order stated, "The parties were unable to resolve their *differences over the amount,* if any, owed under the business income and extra expense coverage of the policy." Aplee. Supp. App. Vol. II at 496 (emphasis added). The parties

-6-

estimated that it would take two days of trial time to try the damages issue. *Id.* at 522.

There was extensive testimony at trial by various professionals as to the items properly included in each loss category and to the proper valuations to place on those amounts. Particularly with regard to the business income loss, there was conflicting testimony not only with regard to the amount of the loss but also as to how those losses should be analyzed. *Compare* Trial Tr. Vol. II at 357-58 (expert using "cost volume profit" analysis and arriving at a figure of $335,595); *with id.* at 420-29 (CPA from BCS testifying that he initially analyzed business loss using the "net plus" basis, changed to a "gross less method," and eventually arrived at a business income loss of "approximately" $161,000). In his closing, Glazing Concepts' counsel asked for a total award of $841,874; *id.* at 543; the jury awarded $717,000. When a fact-finder has to weigh conflicting evidence to arrive at the correct amount of damages due, the amounts are not liquidated or "ascertainable by reference to well-established market values." *Taylor*, 981 P.2d at 1261 & n.45. In light of the uncertain nature of the damages owed Glazing Concepts, the district court correctly refused to award prejudgment interest.

BCS's motion to dismiss this appeal as frivolous is DENIED.  The judgment of the district court is AFFIRMED.

Entered for the Court


Michael W. McConnell
Circuit Judge