## HUSTON v. ALEXANDER DRUG CO.

No. 5886. Opinion Filed December 14, 1915.

Rehearing Denied July 25, 1916.

(158 Pac. 892.)

**FRAUDULENT CONVEYANCES—Transactions Invalid—Bulk Sales Law.** Section 2903, Rev. Laws 1910, providing that the transfer in bulk of a stock of goods shall be presumed to be fraudulent and void against the creditors of the transferor unless the proposed transferee shall make inquiry for and notify the creditors of the transferor, does not require him to do this as to creditors of one who had sold to his transferor.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*W. R. Taylor, Judge.*

Action by the Alexander Drug Company against J. S. Huston. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Geo. T. Webster* and *Scothorn, Caldwell & McRill,* for plaintiff in error.

*McLaury & Hopps,* for defendant in error.

HARDY, J. The Alexander Drug Company, who will be referred to as plaintiff, brought suit against R. F. King, and caused to be attached a stock of drugs in the possession of J. S. Huston, who intervened in the action, claiming the stock. Issues were joined, and the case tried to the court without a jury, who found in favor of the plaintiff and sustained the attachment. King was the owner of a stock of drugs located at Elmore, and was indebted to plaintiff in the sum of $623.45. On May 6, 1912, King sold the stock in bulk to L. A. Woody without complying with the bulk sales law, and on June 14th Woody sold and transferred the stock to Huston without complying with the law. Upon these facts the court concluded that both transfers were void under the statute, and sustained the attachment and rendered judgment.

The only question necessary to consider is whether the sale from Woody to Huston is void by reason of the application of the bulk sales law, which is as follows.

"Sec. 2903. *Sales of Stock in Bulk—Fraudulent Except When.* The transfer of any portion of a stock of goods, wares or merchandise otherwise than in the ordinary course of trade, in the regular and usual prosecution of the transferer's business, or the transfer of an entire such stock in bulk shall be presumed to be fraudulent and void as against the creditors of such transferer."

And the manner in which this presumption may be overcome is set out in the remainder of the section. This is intended to make void as against creditors of the transferor any such transfer. The transaction in question from Woody to Huston is not within the terms of the statute. Woody was not indebted to plaintiff in any sum, but its claim was against King, who had previously transferred to Woody. The First Department, Appellate Division of the New York Supreme Court, being the New York City Division, in construing the bulk sales law of that state, which is very similar to ours, reached the conclusion that the statute did not apply to subsequent transfer, as in the present case. In the case of *Seeman et al. v. Levine,* 140 App. Div. 272, 125 N. Y. Supp. 184, one Chill had sold a stock of goods to Sakauf on January 27, 1909, and on February 2, 1909, which was five days later, Sakauf sold to Levine. Levine, in purchasing from Sakauf, complied with the terms of the statute; and, mentioning this fact. the court said:

"If Levine was required to go further, and show compliance with the statute in the transaction between Sakauf and Chill, then, no matter how many prior transfers there may have been, he would have been required to show the same as to each; and if the rule of evidence as to the presumption of fraud is to be so interpreted, it appears to us that the present statute would be as susceptible to the criticisms made by the Court of Appeals in *Wright v. Hart, supra,* as the statute there under consideration. We do not think that the statute should be so construed."

In the case at bar the transfer from King to Woody was made on the 6th day of May, and from Woody to Huston on the 14th day of June. It appears from the evidence that Woody gave Huston a written bill of sale, in which he recited that there was no indebtedness against

JULY TERM, 1916.—VOL. LVIII. 239

the property, and there was other evidence upon this issue. The court found, however, that Huston had knowledge of the claim of plaintiff. Conceding that he did have such knowledge, it would not make the bulk sales law applicable, for if the conveyance from Woody to Huston be void under the law, then a third and fourth conveyance would likewise be void, and any transfer of the stock, no matter how remote in point of time or numbers, would be void so long as plaintiff had a valid claim against its original debtor. We do not think the law should be so construed. It is not the province of the court to legislate, and the language of the act indicates that such transfer is only void as against the creditors of the transferor. The plaintiff was a creditor of King, and not of Woody or of Huston, and the transaction between Woody and Huston would be governed by the general rules of law respecting fraudulent conveyances.

The judgment is therefore reversed, and the cause remanded.

All the Justices concur.