**MATTHEWS, State Commissioner of Charities and Corrections, v. RUCKER et al.**

No. 8398—Opinion Filed Jan. 22, 1918.

(170 Pac. 492.)

(Syllabus.)

**1. Statutes—Construction—Section.**

A section of the statute must be construed so as to give effect, if possible, to the entire section, rendering every word, phrase, and clause operative.

**2. Insane Persons—Action to Recover Real Estate—Sufficiency of Petition.**

In an action instituted by the Commissioner of Charities and corrections, as next friend for a defective person, to cancel guardian's deed, quiet title, and recover possession of real estate, the petition, failing to

allege the defective was an inmate of a public institution maintained and operated by the state, county, city, or municipality, did not state a cause of action, and was subject to demurrer.

**3. Insane Persons—Authority of Commissioner of Charities and Corrections.**

The authority given the Commissioner of Charities and Corrections, under section 1, chap. 25, Sess Laws 1911, to appear as next friend and prosecute an action for defectives, is limited to such persons as are inmates of a public institution maintained and operated by the state, county, city, or municipality.

Error from District Court, Rogers County; W. J. Campbell, Judge.

Action by Wm. D. Matthews, Commissioner of Charities and Corrections in and for the State of Oklahoma, as next friend of Liddy Bateman, an incompetent and defective, against F. M. Rucker and another. Demurrer to petition sustained, and plaintiff brings error. Affirmed.

W. T. Hunt, for plaintiff in error.

Adams & Wills, for defendants in error.

OWEN, J. This action was begun by the plaintiff in error, Commissioner of Charities and Corrections, in the district court of Rogers county, to cancel a guardian's deed. quiet title, and recover possession of real estate belonging to Liddy Bateman, an incompetent and defective. The lower court sustained a demurrer to the petition. This proceeding is to reverse the judgment sustaining the demurrer.

The proceeding presents but one question necessary for determination. Is the petition defective because it fails to allege that Liddy Bateman is an inmate of a public institution?

It is insisted on the part of the plaintiff in error that authority to maintain the action is given under section 1, chap. 25, Sess. Laws 1911, in the following language:

"The Commissioner of Charities and Corrections shall have the power, and it shall be his or her duty to appear as 'next friend' for all minor orphans, defectives, dependents, and delinquents, who are inmates of any public institution maintained and operated by the state, county, city, or municipality; * * * and shall have such power and authority in any and all litigation where interests of such persons may require to be prosecuted or defended or instituted in any and all courts in this state."

The Commissioner of Charities and Corrections has only such authority and power to prosecute actions as is given him by statute (State v. Snelson, 13 Okla. Cr. 113, 162 Pac. 444), and the question presented

here is whether the language "who are inmates of any public institution," etc., is a limitation of his power and authority to appear for defectives. In other words, does the statute give him power and make it his duty to appear for all defectives, regardless of whether they are inmates of a public institution? If the Legislature had intended to give him the power to appear for all such persons, this phrase is meaningless.

It is our duty to construe the statute so that effect may be given, if possible, to the entire section, including every word, phrase, and clause. K. C. So. Ry. Co. v. Wallace, 38 Okla. 233, 132 Pac. 908, 46 L. R. A. (N. S.) 112. To hold this phrase is no limitation of his power, and that he has authority to appear for all defectives, is to render this phrase entirely useless.

For the reason that the petition failed to allege Liddy Bateman was such an incompetent and defective person as defined in the statute, a cause of action was not stated, and the court did not err in sustaining the demurrer.

The judgment of the lower court is affirmed.

All the Justices concur.