## WYANDOTTE HARDWARE CO. v. LOVELAND et al.

No. 15143—Opinion Filed Feb. 3, 1925.

### Fraudulent Conveyances—Bulk Sales Law—Compliance.

Under the Bulk Sales Law of this state (sec. 6027, Comp. Stats. 1921), where A. transfers a stock of merchandise to B., and, within 90 days thereafter, B. transfers it to C., the defense that B. complied with that law in his purchase from A. is not available to C. in a suit by a creditor of A. to subject the stock of merchandise in the hands of C. to the satisfaction of his debt, where the creditor, because of a misunderstanding of the facts on the part of A., was not listed as a creditor, and, for that reason, not notified by B. of the proposed transfer.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Ottawa County; J. J. Smith, Judge.

Action by T. O. Loveland et al. against Wyandotte Hardware Company, a corporation. Judgment for plaintiff, and defendants appeal. Affirmed.

Shannon & Shannon, for plaintiff in error.

George T. Webster, for defendants in error.

Opinion by RAY, C. The disposition of this case depends upon the construction of section 6027, Comp. Stat. 1921, known as the Bulk Sales Law. O. F. Broderick transferred his entire stock of merchandise to W. H. Duff, and within 90 days thereafter Duff transferred it to Wyandotte Hardware Company, plaintiff in error. It is conceded that in the transfer from Broderick to Duff the law was in good faith complied with, but, because of a misunderstanding of the facts on the part of Broderick, he did not at the time consider the plaintiffs a creditor, and, therefore, did not list them as such, and they were not notified of the proposed transfer. In the transfer from Duff to the Wyandotte Hardware Company no attempt was made to comply with the requirements of the statute. Plaintiffs seek to subject the stock of merchandise in the hands of Wyandotte Hardware Company, the last transferee, to the satisfaction of their debt. The statute reads:

"Section 6027. The transfer of any portion of a stock of goods, wares and merchandise, pertaining to the conducting of said business, otherwise than in ordinary course of trade in the regular and usual prosecution of the transferrer's business, or the transfer of an entire such stock in bulk, shall be presumed to be fraudulent and void as against the creditors of such transferrer, and such presumption may be rebutted only by the proposed transferee showing that, at least ten days before the transfer, and in good faith, he made a full and explicit inquiry of his transferrer, and of all antecedent transferrers in sales made within ninety days prior thereto, as to the names and addresses of each and all of his or their creditors, and that he demanded and received from such transferrer or transferrers, at least ten days before such transfer, a list of the names and

addresses of all the creditors of said transferrer or transferrers, showing the amount owing each, which statement must be sworn to by such transferrer, or transferrers, and the oath shall include a declaration that it is a correct list of all of his or their, creditors, with the post office address and the amount owing each; and that, at least ten days before the transfer, the transferee notified or caused to be notified, of such proposed transfer, personally, or by registered mail, each of the creditors of such transferrer, or transferrers, of whom such transferee had knowledge, or could with the exercise of reasonable diligence, acquire knowledge; and that such purchase was made by him in good faith, for a fair consideration actually paid."

The Bulk Sales Law prior to 1917 contained no reference to a second transfer. In December, 1915, the case of Huston v. Alexander Drug Co. was decided by this court in which it was held that the statute did not require the transferee to make inquiry as to the creditors of one who had sold to his transferrer. 58 Okla. 235, 158 Pac. 892. In that case King sold to Woody, and in about 30 days thereafter Woody sold to Huston. The Bulk Sales Law was not complied with in either case. The Alexander Drug Company, a creditor of King, attached the goods in the hands of Huston, which resulted in the decision as above stated. In 1917 that law was amended so as to require a purchaser to make inquiry not only of his transferrer but of all antecedent transferrers in sales made within 90 days prior thereto, and to notify their creditors of the proposed sale. The question here is, whether the Wyandotte Hardware Company, who received the stock of goods from Duff within 90 days of the transfer from Broderick to Duff without complying with the statute, can overcome the statutory presumption that the transfer was fraudulent and therefore void as against a creditor of Broderick who was not notified of the prior transfer.

Prior to the amendment the presumption of fraud arose when there was a sale in bulk. The only way the presumption could be overcome was by showing a compliance with the law. The presumption was conclusive unless its requirements had been complied with. In the absence of a compliance with the statute, evidence of good faith and that the sale was without fraudulent intent was not competent. Such was the holding of this court in Galbraith v. Oklahoma State Bank, 36 Okla. 807, 130 Pac. 541, in construing the law as it existed prior to the amendment of 1917. In that particular the law was not changed by the amendment. The only change was to include in its provisions purchasers at sales made within 90 days

from a prior sale. The question of actual fraud is not involved. The only question is how or in what manner the legal presumption of fraud may be overcome. Clearly the only defense available to him is that he in good faith complied with the statute. Under the clear wording of the statute can it be said that any other defense is available to Wyandotte Hardware Company, who took the stock of goods from Duff within 90 days of his purchase, than that it complied with the statute? The sole object and meaning of the amendment appears to have been to compel the transferee to make inquiry of antecedent transferrers, where sales had been made within 90 days prior thereto, and to give notice to their creditors of the intended purchase. To say that such was not the purpose and meaning of the amendment is to say that the amendment has no meaning. Such interpretation would leave the law as it stood before the amendment.

"A section of the statute must be construed so as to give effect, if possible, to it as an entirety, rendering every word, phrase and clause operative." Matthews v. Rucker, 67 Okla. 218, 170 Pac. 492; Finerty v. First Nat'l Bank, 92 Okla. 102, 218 Pac. 859.

It will not do to say that it was the purpose of the amendment to require inquiry to be made of antecedent transferrers only where there had been no prior compliance with the law. The language is too clear and explicit.

"* * * Such presumption may be rebutted only by the proposed transferee showing that at least ten days before the transfer, and in good faith, he made a full and explicit inquiry of his transferrer, and of all antecedent transferrers in sales made within ninety days prior thereto. * * *"

No exception is made. The section as amended, like the section prior to amendment, leaves the transferee to one defense only, and that is that in his purchase he, in good faith, complied with the law.

The judgment should be affirmed.

By the Court: It is so ordered.

Note:—See under (1) 27 C. J. p. 885.