Lowell B. **LAY**, III, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–81–804.

Court of Criminal Appeals of Oklahoma.

Oct. 29, 1982.

**620**

E. Terrill Corley, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Eric Hermansen, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Lowell B. Lay, III, was convicted of Robbery With Dangerous Weapon, in Tulsa County District Court, Case No. CRF–81–186, pursuant to 21 O.S.1981, § 801.

Defendant alleges in his only assignment of error that he was denied due process of law when the prosecutor acted vindictively and recommended a much higher sentence than that received by a co-defendant, after defendant exercised his right to trial. The record reveals that charges were brought against defendant Lay and co-defendant Still for Robbery With a Dangerous Weapon. In the course of plea bargaining, the prosecutor initially offered both defendant and co-defendant a five (5) year sentence for their guilty pleas. Co-defendant Still pled guilty and received a five (5) year sentence. Defendant refused the prosecutor's offer, pled not guilty, demanded a non-jury trial and was sentenced to twenty (20) years' imprisonment.

Plea bargaining has long been recognized as an "essential component of the administration of justice." *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). By its very nature, plea bargaining involves an advantage to both prosecutors and defendants in avoiding trial.

In *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), the U.S. Supreme Court said that due process is not violated when a State prosecutor carries out a threat made during plea negotiations to re-indict the accused on more serious charges if he does not plead guilty to the offense with which he was originally charged. The court further said,

It follows that, by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forego his right to plead not guilty.

The U.S. Supreme Court has recently reaffirmed its holding in *Bordenkircher,* supra, in *U.S. v. Goodwin,* —— U.S. ——, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), and declined to apply a presumption of prosecutorial vindictiveness in a pretrial setting, when the prosecutor files additional legiti-

mate charges against defendant after initial plea bargaining is unsuccessful.[1]

In the present case, the defendant has failed to meet his burden of proof that the prosecutor acted with vindictiveness. The defendant offered no specific evidence that the prosecutor acted vindictively toward the defendant other than the fact that the prosecutor recommended a longer sentence for the defendant, who elected to go to trial, than for the co-defendant who pled guilty.

The prosecutor gave several reasons for his decision to recommend that defendant be sentenced to twenty (20) years' imprisonment, including: (1) inconvenience to the D.A.'s office, witnesses and the Court's docket in going to trial; (2) defendant's testimony at trial was totally contradicted by physical evidence and eyewitness testimony; (3) defendant's demeanor in failing to accept responsibility for the crime, when faced with overwhelming evidence of guilt.

Therefore, the conduct of the prosecutor in this case, which presented the defendant with the alternative of foregoing trial or facing the possibility of punishment clearly allowable under the statute, did not violate the due process clause of the Fourteenth Amendment. The judgment and sentence is AFFIRMED.

BRETT, P.J., and CORNISH, J., concur.

---

1. The Court's reasoning was twofold:

   (1) In the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has a broader significance.

   (2) In addition, a defendant before trial is expected to invoke procedural rights that inevitably impose some "burden" on the prosecutor.