HAMILTON v. NORTHFIELD INSURANCE CO.



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:HAMILTON v. NORTHFIELD INSURANCE CO.

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 HAMILTON v. NORTHFIELD INSURANCE CO.
2020 OK 28
Case Number: 117707
Decided: 05/05/2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 28, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 



BILLY HAMILTON, Plaintiff/Appellant,
v.
NORTHFIELD INSURANCE COMPANY, Defendant/Appellee.

CERTIFIED QUESTIONS FROM THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

¶0 The United States Court of Appeals for the Tenth Circuit certified two questions of state law to this Court pursuant to the Revised Uniform Certification of Questions of Law Act, 20 O.S. 2011 §§ 1601--1611.

CERTIFIED QUESTIONS ANSWERED

Kris Ted Ledford, Ledford Law Firm, Owasso, Oklahoma, for Plaintiff/Appellant Billy Hamilton.
R. Stratton Taylor, Darrell W. Downs, and Jacob R. Daniel, Taylor Foster Mallett Downs Ramsey & Russell, P.C., Claremore, Oklahoma, for Defendant/Appellee Northfield Insurance Company.
J. Drew Houghton, Merlin Law Group, P.A., Oklahoma City, Oklahoma, Simone G. Fulmer, Fulmer Sill, Oklahoma City, Oklahoma, Timothy B. Hummell, Hummell Law Firm, Oklahoma City, Oklahoma, and Rex Travis, Travis Law Office, Oklahoma City, Oklahoma, for Amicus Curiae, Oklahoma Association for Justice.


GURICH, C.J.
¶1 The United States Court of Appeals for the Tenth Circuit certified to this Court two questions of law:
1. In determining which is the prevailing party under 36 O.S. § 3629(B), should a court consider settlement offers made by the insurer outside the sixty- (formerly, ninety-) day window for making such offers pursuant to the statute?

2. In determining which is the prevailing party under 36 O.S. § 3629(B), should a court add to the verdict costs and attorney fees incurred up until the offer of settlement for comparison with a settlement offer that contemplated costs and fees?[1]
¶2 We answer the first question with a "no." The statute at issue in this case--36 O.S. § 3629(B)--creates an incentive for insurance companies to promptly investigate and resolve claims submitted by their insureds. It allows attorney fees to the prevailing party if a dispute arises over the payment of benefits and litigation eventually results between the insurer and the insured. Answering the first question, we conclude that a court may consider only those timely offers of settlement of the underlying insurance claim--and not offers to resolve an ensuing lawsuit that results from the insurer's denial of the same--when determining the prevailing party for purposes of awarding attorney fees and costs under section 3629(B).
¶3 Our answer to the first question also resolves the second. Section 3629(B) contemplates only those offers made by the insurer to settle the insured's claim within the prescribed sixty- (formerly, ninety-) day window. Quite plainly, the statute never discusses an offer to settle a lawsuit initiated beyond that period--the whole purpose of the statute is to avoid litigation by creating fee-shifting disincentives if the insured's claim is not speedily resolved. Because the federal court's second question necessarily relates solely to offers made in the course of litigation after the lapse of the statute's crucial sixty- (formerly, ninety-) day period, we must answer this question in the negative as well. We caution, however, that this second answer of "no" is strictly limited to the specific context of determining prevailing-party status under section 3629(B) alone. We express no opinion on a trial court's evaluation of the form of settlement offer described in the certifying court's second question when made outside the section 3629(B) setting.
Facts and Procedural History
¶4 The federal court's certification order sets out the underlying facts of this case. When answering a certified question, this Court will not presume facts outside those presented by the certification order itself. Gov't Emps. Ins. Co. v. Quine, 2011 OK 88, ¶ 14, 264 P.3d 1245, 1249. That is, "our examination is confined to resolving legal issues." Id. We remain free, however, to "consider uncontested facts supported by the record." Siloam Springs Hotel, LLC v. Century Sur. Co., 2017 OK 14, ¶ 2, 392 P.3d 262, 263.
¶5 Billy Hamilton--a small-business owner in Council Hill, Oklahoma--filed a claim in December 2015 with his insurer, Northfield Insurance Company, seeking coverage for his building's leaking roof. Northfield twice denied his claim--once in February 2016, and again in April 2016. Hamilton filed suit against Northfield in November of that year, alleging bad-faith denial of his insurance claim and breach by Northfield of the insurance contract.[2]
¶6 In June 2017, Hamilton's attorney sent Northfield's attorneys an email that included a draft of a proposed pretrial order. In that communication, Hamilton's counsel asked Northfield's lawyers to send him "a serious settlement offer" the following week, noting he had "almost $12k in hard costs invested in this case thus far" and was conveying that information "because that figure impacts how much of any settlement Mr. Hamilton would receive." Counsel for Northfield responded that the insurance company was "willing to offer $45,000 to settle this case," observing that they "believe[d] this [wa]s a fair offer as it [wa]s more than three times the actual damages in this case." Northfield's counsel also stated, "Based upon your out of pocket litigation expenses, this settlement amount will allow you to recover these expenses along with some fees and should reimburse Mr. Hamilton for the entire amount of his repair costs."
¶7 Hamilton rejected the offer and went to trial. A jury awarded him $10,652--the maximum amount of damages the judge instructed the jury it could award. Hamilton then sought attorney fees and statutory interest under section 3629(B). Northfield responded that Hamilton was not the prevailing party under the statute, given that he had recovered less than its settlement offer to him. The federal district court agreed with Northfield, and Hamilton appealed to the Tenth Circuit Court of Appeals. Initially, a panel of that court affirmed the district court's determination that Hamilton was not the prevailing party for purposes of awarding attorney fees under section 3629(B). But--following a petition for en banc rehearing by Hamilton and additional briefing by amicus curiae--the Tenth Circuit Court of Appeals granted panel rehearing sua sponte, vacated its opinion as to the issues raised in Hamilton's appeal, and certified the two questions to this Court.
Analysis
First Certified Question
¶8 The federal court's certified questions ask us to define the proper scope and application of a provision of the Oklahoma Insurance Code, 36 O.S. § 3629(B).[3] This is a question of first impression in a matter that offers "no controlling Oklahoma precedent." Barrios v. Haskell Cty. Pub. Facilities Auth., 2018 OK 90, ¶ 6 n.6, 432 P.3d 233, 236 n.6. In pertinent part, the terms of section 3629(B) provide that
[i]t shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within sixty (60) days of receipt of proof of loss. Upon judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party.[4]
"The primary goal of statutory interpretation is to ascertain and, if possible, give effect to the intention and purpose of the Oklahoma Legislature as expressed by the statutory language." Raymond v. Taylor, 2017 OK 80, ¶ 12, 412 P.3d 1141, 1145. Every provision of every Oklahoma statute "is presumed to have been intended for some useful purpose and every provision should be given effect." Darnell v. Chrysler Corp., 1984 OK 57, ¶ 5, 687 P.2d 132, 134. And "statutes are interpreted to attain that purpose and end, championing the broad public policy purposes underlying them." Estes v. ConocoPhillips Co., 2008 OK 21, ¶ 16, 184 P.3d 518, 525.
¶9 The plain language of section 3629(B) imposes an affirmative duty on an insurer to submit a written offer of settlement or rejection of the claim to the insured within a definite time period: sixty days. "A statute will be given a construction, if possible, which renders every word operative, rather than one which makes some words idle and meaningless." Estes, 2008 OK 21, ¶ 16, 184 P.3d at 525. This interpretive principle applies to "every word, phrase, and clause" of the statute. Matthews v. Rucker, 1918 OK 29, ¶ 5, 170 P. 492, 493. Moreover, when construing a statute, "relevant provisions must be considered together, where possible, to give force and effect to each." Ledbetter v. Okla. Alcoholic Beverage Laws Enf't Comm'n, 1988 OK 117, ¶ 7, 764 P.2d 172,179. Section 3629(B) speaks of a specific kind of offer--an offer of settlement or rejection of a claim. Its preceding subsection, in turn, contextualizes and clarifies precisely what is meant by a claim: "An insurer shall furnish, upon written request of any insured claiming to have a loss under an insurance contract issued by such insurer, forms of proof of loss for completion by such person . . . ." Id. § 3629(A) (emphasis added).
¶10 We construe the words in a statute "according to their plain and ordinary meaning." In re Protest of Hare, 2017 OK 60, ¶ 10, 398 P.3d 317, 319--20. And so in this case we take section 3629(B)'s words in their plain and ordinary sense--just as would the layperson who purchases an insurance policy, suffers a covered loss, and submits proof of that loss to the insurer. The statute tells both parties what to expect when the insured submits the claim. Upon receiving the insured's claim--that is, the proof of loss--the insurer must act within sixty days to settle (or else reject outright--as happened in this case) that claim.
¶11 By its own plain terms, then, section 3629(B)'s claim--toward which the offer of settlement or rejection is directed--must be an insured's request to the insurer to be made whole for a covered loss. This does not equate to, and must not be mistaken for, a claim arising in later litigation. Had the insured's claim been promptly resolved, no litigation would have arisen at all. A section 3629(B) claim directly flows from the insured's written claim of loss, arising under the insurance contract and duly submitted to the insurer for payment of benefits. That is the only claim with which this statute is concerned.
¶12 In an earlier examination of section 3629(B), we provided the following gloss on the statute:
The insurer is the prevailing party only when the judgment is less than any settlement offer that was tendered to the insured, or when the insure[r] rejects the claim and no judgment is awarded. The insured, on the other hand, is the prevailing party when the judgment is more than any settlement offer that was made, or when the insured receives a judgment when the insurer has rejected the claim.
Shinault v. Mid-Century Ins. Co., 1982 OK 136, ¶ 4, 654 P.2d 618, 619.[5] More recently, we observed (albeit in obiter dictum) that "[section] 3629(B) provides for prevailing party attorney fees where an insurer fails to submit an offer of settlement or rejection of the claim within 90 [now, sixty] days after proof of loss and where judgment is entered." Barnes v. Okla. Farm Bureau Mut. Ins. Co., 2004 OK 25, ¶ 8, 94 P.3d 25, 28 (emphasis added). These prior statements were fundamentally sound, and they guide us to our conclusion today.
¶13 An incorrect denial of an insured's claim or an inadequate tender of benefits within the statutory window of section 3629(B), followed by a judgment in the insured's favor after suit is filed, enables the insured to recover attorney fees as the prevailing party in litigation. See Shinault, 1982 OK 136, ¶ 4, 654 P.2d at 619. At the same time, an ultimately correct denial of an insured's claim or an adequate tender of benefits--within the statutory window, but improvidently rejected by the insured--may likewise permit the insurer to recover its attorney fees as the prevailing party. See id.
¶14 Oklahoma places a premium on incentivizing prompt payment of insurance claims. As we have before explained:
The statutory duty imposed upon the insurer to accept or reject the claim within ninety [now, sixty] days of the receipt of the proof of loss recognizes that a substantial part of the right purchased by the insured is the right to receive benefits promptly. Unwarranted delay causes the sort of economic hardship which the insured sought to avoid by the purchase of the policy . . . .
Lewis v. Farmers Ins. Co., 1983 OK 100, ¶ 6, 681 P.2d 67, 69; see also Christian v. Am. Home Assurance Co., 1977 OK 141, ¶¶ 20--21, 577 P.2d 899, 903 ("Our Insurance Code requires insurance companies to make immediate payment of claims. . . . This statutory duty imposed upon insurance companies to pay claims immediately, recognizes that a substantial part of the right purchased by an insured is the right to receive the policy benefits promptly.") (emphasis added). As also noted by the Tenth Circuit Court of Appeals, statutes such as Oklahoma's section 3629(B) "seek to prevent insurance benefits from unjustly being consumed by litigation costs and are designed to make the beneficiary whole rather than to punish the insurer." Smith v. Equitable Life Assurance Soc'y, 614 F.2d 720, 723 (10th Cir. 1980) (discussing similar Wyoming attorney-fee statute). Statutory provisions like those in section 3629(B) are therefore designed to "allow[] recovery of expenses incurred in pursuing a just and reasonable claim." Id. Such statutes "are not penal, but remedial or compensatory, in that actual loss is at issue, traceable directly to the insurer's improper conduct." Id.
¶15 These same rationales are reflected in our state's adoption of the Unfair Claims Settlement Practices Act (UCSPA),[6] which mirrors section 3629(B) by requiring insurers to either pay or deny a claim within sixty days of receiving a proof of loss. See 36 O.S. Supp. 2018 § 1250.7(A) ("Within sixty (60) days after receipt by a property and casualty insurer of properly executed proofs of loss, the first party claimant shall be advised of the acceptance or denial of the claim by the insurer, or if further investigation is necessary."); id. § 1250.7(C) (directing that the "insurer shall complete investigation of a claim within sixty (60) days after notification of proof of loss unless such investigation cannot reasonably be completed within such time" and further providing that "[i]f such investigation cannot be completed, or if a property and casualty insurer needs more time to determine whether a claim should be accepted or denied, it shall so notify the claimant within sixty (60) days after receipt of the proofs of loss, giving reasons why more time is needed."). Indeed, we may presume the Legislature's 2018 amendment to section 3629(B)--narrowing its time limit from ninety to sixty days--was done in furtherance of ensuring uniformity with the UCSPA's sixty-day mandate. Relatedly, in the bad-faith context, we have clarified that the timeframe for judging the reasonableness of an insurer's actions is that initial window in which the insurer makes the decision to pay or deny the claim. Buzzard v. Farmers Ins. Co., 1991 OK 127, ¶ 14, 824 P.2d 1105, 1109 ("[A] claim must be paid promptly unless the insurer has a reasonable belief that the claim is legally or factually insufficient. . . . The knowledge and belief of the insurer during the time period the claim is being reviewed is the focus of a bad-faith claim.").
¶16 We hold that courts may consider only those offers of settlement of the underlying insurance claim--and not offers to resolve an ensuing lawsuit that might result from the insurer's denial of the same--made within the (now) sixty-day statutory window when determining the prevailing party for purposes of awarding attorney fees under 36 O.S. § 3629(B). To the extent the Oklahoma Court of Civil Appeals previously arrived at a conflicting interpretation of section 3629(B) in Shadoan v. Liberty Mutual Fire Insurance Co., 1994 OK CIV APP 182, 894 P.2d 1140--a non-precedential opinion cited by the Tenth Circuit Court of Appeals in its certification order--that opinion fails to align with the principles announced today and is hereby expressly overruled.[7]
Second Certified Question
¶17 It follows that litigation-settlement offers--as opposed to claim-settlement offers--fall beyond section 3629(B)'s initial sixty-day timeframe and, therefore, are simply not within the statute's contemplation. In other words, an offer of litigation "settlement" cannot serve as the catalyst for section 3629(B)'s fee-shifting provision. In the specific context of a section 3629(B) prevailing-party analysis, our answer to the certifying court's second question is "no"--for the very basic reason that the type of offer described does not fall within the definition of a section 3629(B) settlement offer.
¶18 The settlement-offer scenario described in the second question would inevitably invite litigation gamesmanship and eleventh-hour offers. The structure of section 3629(B) affords no room to either. "The reality is that once the benefits have been denied and the plaintiff retains counsel to dispute that denial, additional costs that require relief have been incurred." Johnson v. Omega Ins. Co., 200 So. 3d 1207, 1215 (Fla. 2016).[8] And "all the good faith and settlement offers in the world after suit is filed will not immunize a company from the consequences of an unjustified refusal to pay which made the suit necessary" in the first place. Sloan v. Emp'rs Cas. Ins. Co., Dallas, Tex., 521 P.2d 249, 251 (Kan. 1974).
¶19 Were this Court to allow insurers to skirt the sixty-day requirement entirely, offer payment at a later date, and then use that untimely payment to deny attorney fees owed to the policyholder, then the purpose of a statute intended to ensure prompt payment of claims would be thoroughly thwarted. To interpret a statute containing a definite time limit, while giving no credence to the readily discernible rationale underlying that time limit, would epitomize "a vain and useless act." TRW/Reda Pump v. Brewington, 1992 OK 31, ¶ 5, 829 P.2d 15, 20. We reject any invitation to graft this illogical interpretation onto section 3629(B). See AMF Tubescope Co. v. Hatchel, 1976 OK 14, ¶ 21, 547 P.2d 374, 379 ("[A] statute should be given a sensible construction, bearing in mind the evils intended to be avoided or the remedy afforded."); see also Christian, 1977 OK 141, ¶ 22, 577 P.2d at 903 (acknowledging generally the express "intent of our legislature to impose upon insurance companies an obligation to pay a valid claim on a policy promptly"). The sixty-day limit prescribed by section 3629(B) is not a suggestion, and it is not an invitation for an opening offer: it is a legislative directive to insurance companies that ensures the prompt and timely handling of claims.
¶20 If indeed this sixty-day time limit were inconsequential to the eventual determination of prevailing-party status, then section 3629(B) would essentially operate identically to an offer-of-judgment statute, which could be deployed as a fee-shifting mechanism at any time throughout the litigation.[9] But section 3629(B) is functionally distinguishable from the traditional offer-of-judgment statute, the purpose of "which is to encourage judgments without protracted litigation." Dulan v. Johnston, 1984 OK 44, ¶ 10, 687 P.2d 1045, 1047. Section 3629(B) is specific to the insurance context, and its sixty-day requirement furthers a definite and different legislative objective--namely, the prompt payment or denial of claims.
¶21 In this case, Northfield attempted to use section 3629(B)'s "written offer of settlement" as a vehicle to include a lump-sum payment for the resolution of Hamilton's lawsuit, while incorporating at least "some [attorney] fees." But the very language of the statute--which explicitly applies to an offer of settlement or rejection "of the claim"--forecloses its use in this manner. Northfield's June 2017 offer of $45,000 to resolve Hamilton's lawsuit is not a statutory settlement offer within the meaning of section 3629(B). Again, section 3629(B) serves to ensure the swift payment of insurance claims, not of lawsuits. The "claim" referenced is the insurance claim alone, and the benefits owed under the insurance contract are the only true "settlement" amounts to which the statute refers.
Conclusion
¶22 36 O.S. § 3629(B) focuses on the payment of indemnity and policy benefits to insureds, so that they may be made whole as quickly as possible. It speeds the timely resolution of an insured's claim. Consistent with a plain reading of the statute and consonant with the statute's purpose of incentivizing the prompt payment of insurance benefits, we hold that--for purposes of determining prevailing-party status under section 3629(B)--a court may consider only those offers made by the insurer to settle the insured's claim within the statute's sixty- (formerly, ninety-) day window. A subsequent litigation-settlement offer--as distinct from a claim-settlement offer--falls outside section 3629(B)'s statutory window and is plainly not within the statute's reach.
¶23 In this case, the insured--Hamilton--is the prevailing party entitled to an award of attorney fees under section 3629(B) because he received a judgment in his favor after his insurer, Northfield, twice rejected his claim. The offer that came from Northfield a year and a half later to resolve Hamilton's subsequent lawsuit is not a statutory settlement offer within the meaning of section 3629(B).
¶24 An offer to pay benefits owed under the insurance contract is not a courteous gratuity, but a contractual and legal necessity. Any other interpretation of section 3629(B) runs counter to both its intent and plain language. The statute works to facilitate payments from insurers to their policyholders as expeditiously as possible when those amounts are owed under the policy. With our holding today, we honor that purpose.
CERTIFIED QUESTIONS ANSWERED

Gurich, C.J., Darby, V.C.J., Kauger, Edmondson, Colbert and Combs, JJ., concur;
Winchester, Kane and Rowe, JJ., dissent.

FOOTNOTES

[1] We have not substantively reformulated the questions of law certified to us, although it is within our discretion to do so. See 20 O.S. 2011 § 1602.1. We have altered the questions only to conform them to this Court's own citation conventions.

[2] Hamilton sued Northfield in Oklahoma state court, and Northfield removed the case to the United States District Court for the Eastern District of Oklahoma on diversity grounds.

[3] In assessing whether to answer a certified federal question of law, we are guided by twin considerations: "(1) Would the answer be dispositive of an issue in pending litigation in the certifying court?"; and "Is there established and controlling law on the subject matter?" Barrios v. Haskell Cty. Pub. Facilities Auth., 2018 OK 90, ¶ 6 n.6, 432 P.3d 233, 236 n.6.

[4] Prior to November 2018, the statute provided for a ninety-day--rather than a sixty-day--window. The statute's text otherwise remains unchanged.

[5] The certification order has drawn our attention to an apparent scrivener's error in the officially reported text of our 1982 Shinault decision, which (as printed) reads: "The insurer is the prevailing party only when the judgment is less than any settlement offer that was tendered to the insured, or when the insured rejects the claim and no judgment is awarded." Shinault v. Mid-Century Ins. Co., 1982 OK 136, ¶ 4, 654 P.2d 618, 619 (emphasis added). Both context and common sense make it clear that the emphasized word in the quoted sentence must correctly refer to the rejection of the claim by the insurer, rather than by the "insured."

[6] 36 O.S. §§ 1250.1--1250.17.

[7] That court's conclusion that "[a] plaintiff's status as 'prevailing party' under 36 [O.S.] § 3629(B) must be determined by comparing the plaintiff's ultimate recovery to each settlement offer made by an insurer, even those offers which are made beyond the ninety-day period after it receives the insured's proof of loss" is, of course, no longer tenable after today's decision. Shadoan v. Liberty Mut. Fire Ins. Co., 1994 OK CIV APP 182, ¶ 17, 894 P.2d 1140, 1144.

[8] See also 36 O.S. § 1250.5(13) (including within the definition of "acts by an insurer . . . constitut[ing] an unfair claim settlement practice" under the UCSPA the practice of "[c]ompelling, without just cause, policyholders to institute suits to recover amounts due under its insurance policies or insurance contracts by offering substantially less than the amounts ultimately recovered in suits brought by them, when the policyholders have made claims for amounts reasonably similar to the amounts ultimately recovered").

[9] Generally stated, an offer-of-judgment statute authorizes a defendant to make a settlement offer and then imposes liability (in the form of costs and attorney fees) on the plaintiff who chooses to reject the offer and later recovers a judgment for less than what the defendant had tendered. See, e.g., 12 O.S. 2011 § 940(B) (setting out offer-of-judgment procedure in cases involving negligent or willful injury to property); id. § 1101.1 (procedure for actions involving personal injury and wrongful death); id. § 1106 (allowing defendant to confess judgment in court for either "part of the amount claimed, or part of the causes involved in the action").




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1982 OK CR 172, 654 P.2d 619, LAY v. STATE
Cited
Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1994 OK CIV APP 182, 894 P.2d 1140, 66 OBJ 1260, Shadoan v. Liberty Mut. Fire Ins. Co.
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1988 OK 117, 764 P.2d 172, 59 OBJ 2936, Ledbetter v. Oklahoma Alcoholic Beverage Laws Enforcement Com'n
Discussed
 1991 OK 127, 824 P.2d 1105, 62 OBJ 3671, Buzzard v. Farmers Ins. Co., Inc.
Discussed
 1992 OK 31, 829 P.2d 15, 63 OBJ 682, TRW/Reda Pump v. Brewington
Discussed
 1918 OK 29, 170 P. 492, 67 Okla. 218, MATTHEWS v. RUCKER
Discussed
 2004 OK 25, 94 P.3d 25, BARNES v. OKLA. FARM BUREAU MUTUAL INSURANCE CO.
Discussed
 2008 OK 21, 184 P.3d 518, ESTES v. CONOCOPHILLIPS CO.
Discussed at Length
 2011 OK 88, 264 P.3d 1245, GOVERNMENT EMPLOYEES INSURANCE CO. v. QUINE
Discussed
 1976 OK 14, 547 P.2d 374, AMF TUBESCOPE COMPANY v. HATCHEL
Discussed
 1977 OK 141, 577 P.2d 899, CHRISTIAN v. AMERICAN HOME ASSUR. CO.
Discussed at Length
 2017 OK 14, 392 P.3d 262, SILOAM SPRINGS HOTEL, LLC v. CENTURY SURETY COMPANY
Discussed
 2017 OK 60, 398 P.3d 317, IN THE MATTER OF THE INCOME TAX PROTEST OF HARE
Discussed
 2017 OK 80, 412 P.3d 1141, RAYMOND v. TAYLOR
Discussed
 2018 OK 90, 432 P.3d 233, BARRIOS v. HASKELL COUNTY PUBLIC FACILITIES AUTHORITY; FOUTCH v. TURN KEY HEALTH
Discussed at Length
 1982 OK 136, 654 P.2d 618, Shinault v. Mid-Century Ins. Co.
Discussed at Length
 1983 OK 100, 681 P.2d 67, Lewis v. Farmers Ins. Co., Inc.
Discussed
 1984 OK 44, 687 P.2d 1045, Dulan v. Johnston
Discussed
 1984 OK 57, 687 P.2d 132, Darnell v. Chrysler Corp.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 940, Negligent or Willful Injury to Property - Attorney's Fees and Costs - Offer and Acceptance of Judgment
Cited
Title 20. Courts
 Cite
Name
Level

 20 O.S. 1601, Short Title
Cited
 20 O.S. 1602.1, Power to Reformulate Question
Cited
Title 36. Insurance
 Cite
Name
Level

 36 O.S. 1250.1, Short Title
Cited
 36 O.S. 1250.5, Acts by an Insurer Constituting an Unfair Claim Settlement Practice
Cited
 36 O.S. 1250.7, Acceptance or Denial of Claim
Cited
 36 O.S. 3629, Furnishing of Proof of Loss Forms - Submitting Written Offer of Settlement or Rejection of Claim to Insured
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA