ROWAN v. STATE FARM FIRE & CASUALTY CO.
2025 OK 5
Case Number: 121750
Decided: 01/22/2025
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 5, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

JEREMY ROWAN and MELINDA ROWAN Plaintiffs/Appellants,
v.
STATE FARM FIRE & CASUALTY COMPANY, Defendant/Appellee.

OPINION

¶0 Following a jury verdict and monetary award to Appellants, Appellants sought attorney fees and costs under Title 36, Section 3629(B). The district court denied the request and denied Appellants' motion to reconsider. We retained Appellant's appeal, reverse the district court, and remand.

APPEAL RETAINED; TRIAL COURT REVERSED;
CASE REMANDED TO OKLAHOMA COUNTY DISTRICT COURT

Reggie N. Whitten, Michael Burrage, Whitten Burrage, Oklahoma City, Oklahoma for Jeremy and Melinda Rowan

Lance E. Leffel, Gerard M. D'Emilio, Gable Gotwals, Oklahoma City, Oklahoma, for State Farm Fire & Casualty Company

KUEHN, V.C.J.:

¶1 Appellants' home was damaged in a storm and they filed an insurance claim. Their insurer, Appellee, quickly made an initial payment but refused further payment. Appellants filed suit for breach of contract as well as breach of the duty of good faith. A jury found for Appellants on both claims and awarded them a total of $750,400.00. Appellants moved for attorney fees and costs pursuant to Title 36, Section 3629(B). The trial court denied the motion, finding that the statute did not apply because no evidence showed Appellants had first submitted proof of loss in writing. This Court retained the appeal. We find that the trial court incorrectly interpreted Section 3629(B), and reverse.

Standard of Review

¶2 We review the trial court's decision interpreting the statute de novo. Comanche Nation of Okla. ex rel. Comanche Nation Tourism Ctr. v. Coffey, 2020 OK 90480 P.3d 271

Section 3629(B) does not require an insured prevailing party to have 
filed written proof of loss in order to receive attorney fees and costs

¶3 Appellants based their request for attorney fees on Section 3629(B), which provides for attorney fees for a party prevailing in litigation arising from a general insurance claim:

It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within sixty (60) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party. If the insured is the prevailing party, the court in rendering judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict. This provision shall not apply to uninsured motorist coverage.

36 O.S. § 3629

¶4 Our first step is to review the plain language of the statute. We presume the Legislature intended the plain and ordinary meaning apparent from the text. Hamilton v. Northfield Insurance Co., 2020 OK 28473 P.3d 22Yocum v. Greenbriar Nursing Home, 2005 OK 27130 P.3d 213after an insured party has submitted a claim. Its purpose is to guarantee that, after proof of loss is submitted, insurers either reject it or offer settlement of the claim in writing within sixty days -- that is, it incentivizes prompt payment of insurance claims. Hamilton, 2020 OK 28

¶5 The statute is unambiguous. Section 3629(A) states that, if an insured party requests it in writing, the insurer must provide "forms of proof of loss" for the insured to complete. This requires an insurance company to give the insured party the company's forms to complete to establish proof of loss if, after a claim is submitted, the insured requests the forms in writing. It neither states nor implies, as Appellee argues, that the insured's claim of loss must be in "written tangible form", nor even that it be in written form at all. And the plain language of Section 3629(B) imposes a duty on the insurer to submit a written offer settling or rejecting a claim. It does not impose any duty on an insured to submit anything in writing.

¶6 Appellee admits that the plain language of Section 3629 does not require insureds to submit a written proof of loss. Appellee argues that, rather than give effect to the plain language of Section 3629(B), this Court should compare it with other statutes within the Insurance Code. However, such a comparison is not necessary where the Legislature's language and intent is clear. Herrera-Chacon v. State, 2023 OK 5236 O.S. § 480336 O.S. § 480336 O.S. § 4805Oklahoma Department of Corrections v. Byrd, 2023 OK 97

¶7 Appellee, finally, relies wholly on Hamilton for its argument that an insured must submit proof of loss in writing. Section 3629(B) provides that an insurer must submit a rejection or settlement offer within sixty days of a claim, and that, if the claim goes to litigation and a judgment is rendered, the prevailing party shall receive costs and attorney fees, depending on whether the judgment exceeds the written offer of settlement. The issue in Hamilton was whether an insurer's offer to settle pending litigation, made after the sixty-day window, should count towards the "prevailing party" determination. We determined it should not. There would have been no litigation had the claim been properly resolved within sixty days. Hamilton, 2020 OK 28Hamilton, 2020 OK 28

¶8 The issue in Hamilton was never whether Section 3629 required written proof of loss. Appellee points to a single word in a phrase in paragraph eleven, describing the process: "A Section 3629(B) claim directly flows from the insured's written claim of loss, arising under the insurance contract and duly submitted to the insurer for payment of benefits." Hamilton, 2020 OK 28Hamilton. Any incidental descriptive language the Court may have used was not intended to create a new requirement that the Legislature did not include in the statute.

Conclusion

¶9 Hamilton neither considered nor decided how an insured must submit proof of loss. However, we decide the issue now: Section 3629(B) does not require that an insured submit a written proof of loss in order to be eligible to receive attorney fees and costs. The district court's judgments denying Appellants' motion for attorney fees, and denying their motion to reconsider, are reversed. The case is remanded for the district court to determine the amount of attorney fees and costs under Section 3629.

APPEAL RETAINED; TRIAL COURT REVERSED;
CASE REMANDED TO OKLAHOMA COUNTY DISTRICT COURT

CONCUR: ROWE, C.J., KUEHN, V.C.J., and WINCHESTER, EDMONDSON, and GURICH, JJ.

CONCUR IN RESULT: DARBY, J.

NOT PARTICIPATING: COMBS and KANE, JJ.

FOOTNOTES

36 O.S. § 665636 O.S. § 665536 O.S. § 1250.736 O.S. § 4405